[*Special Term, January*, 1871.]

## W. H. LAWS *v.* JOHN CARRIER.

To move to strike out a reply because it is a departure, and to demur to it at the same time and on the same ground, is bad practice; and the court may strike the motion from the files. A demurrer is the proper method of reaching such an objection.

A reply, showing that the plaintiff is a trustee, and has no right to maintain the action in the individual capacity in which he sues, is faulty as a departure, but he may amend.

A note, given to settle a civil suit for moneys embezzled, can not be affected by a subsequent promise to the party not to prosecute him criminally for the offense.

*King, Thompson & Avery,* for plaintiff.

*C. Gazlay,* for defendant.

HAGANS, J.   The plaintiff sues as the indorser of a promissory note for two thousand five hundred dollars, and interest from April 20, 1868.

The defendant answers, that one Taylor F. Langstaff was the payee of said note, and while in the employ of Cameron, Story & Malone, as book-keeper, embezzled certain funds, compounding the offense by transferring in blank the note sued on to the heirs of Cameron, and that said note belongs to them and not the plaintiff.   The defendant attaches to his answer a receipt for the note sued on, which receipt is signed by Cameron's heirs, dated September 19, 1868, and which was given in settlement of a civil suit in this court, against Langstaff, to recover the amount embezzled.   This receipt recites that the controversy in that suit was therefore settled by the transfer of the note sued on, together with other notes, amounting in all to over eight thousand dollars, and that the consideration of the transfer was the embezzled moneys, and con-

Laws *v.* Carrier.

cludes thus, "We take pleasure in saying to said Langstaff that we will not commence, prosecute, or instigate, or in any way, directly or indirectly, cause, stimulate, or suggest the arrest in prosecution of said Langstaff therefor criminally." The reply admits the execution of this receipt by Cameron's heirs, and also that plaintiff is not the owner, in his own right, of the note sued on, but is the trustee for the heirs of Cameron.

The defendant moves to strike out the reply, because it is a departure from the petition, and also at the same time demurs for the same reason, as well as for the reason that it does not contain facts sufficient to constitute a reply to the answer.

It is a bad practice to move to strike out a pleading and demur to it at the same time; for this demurrer recognizes the existence of the pleading, but raises the question of the sufficiency of it. If the motion to strike out the reply be granted, there is nothing to demur to; and, on the other hand, if the demurrer be sustained there is no subject for the motion.

The motion must be stricken from the files, though the party may renew it at the proper time if he desires so to do.

The demurrer must be sustained.

The reply is, I think, clearly a departure from the petition; but the party shall have leave to amend. The plaintiff sues in his own right, and in the reply he admits he is a trustee, and a demurrer is the proper method to reach the difficulty. The pleadings may be amended by stating that the plaintiff is the trusee of the *cestuis que trust*, naming them, without joining him with them or plaintiff. See sections 25 and 27 of the Code, 2 S. & C. pp. 951, 953; Gould's Pleading, sec. 78, p. 426.

In other respects the reply is good, for the civil suit was settled by the transfer of the note sued on; and the transfer was the consideration of the settlement. The promise not to prosecute for the alleged crime was not contempo-

raneous, but subsequent to the transfer, and in no way entered into the transaction as a consideration, or was connected with it at the time. If this be proved, the reply would seem to be good.